<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>WONDUSEN S. FANTAYE, JERRY W. STEPHENS, and JOSEPH W. STEPHENS,<br><br>                              Defendants. | Civ. No.  08-3172 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

CUYLER BURKE, P.C.
by: Jo Ann Burk, Esq.
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ 07054

     *Attorneys for Plaintiff*

PDVEY, MEANOR, CATENACCI,
HILDNER, COCZIELLO & CHATTMAN, P.C.
by: Anthony M. Rainone, Esq.
One Riverfront Plaza, 8th Floor
Newark, NJ 07102

     *Attorneys for Defendant Wondusen S. Fantaye*

GREICO, OATS & DeFILLIPPO, LLC
by: Karen M. Buerle
414 Eagle Rock Avenue, Suite 200
West Orange, NJ 07052

     *Attorneys for Defendants Jerry W. Stephens and Joseph W. Stephens*

**DEBEVOISE, Senior District Judge**

Plaintiff, The Prudential Insurance Company of America ("Prudential"), claims that a dispute exists as to the rightful ownership of the proceeds of a life insurance policy held by decedent Linda Fantaye, and on that basis moves for an order that (1) the money, minus reasonable fees and expenses, be paid into court, (2) the defendants be instructed to interplead their claims, and (3) the company be released from all further liability relating to the policy in question. Defendants do not oppose the company's application, but argue that certain portions of requested attorneys' fees are unreasonable. The court agrees. Therefore, Prudential's request to pay the funds into court and be discharged from further liability will be granted, and their request for attorneys' fees will be reduced by $375.00.

## I.  BACKGOUND

This case involves $51,000.00 and accrued interest in benefits from a life insurance policy held by decedent Linda Fantaye, who at all times relevant to this litigation resided in Alabama. Ms. Fantaye died on June 25, 2007. Local law enforcement ruled her death a homicide, and later arrested and indicted her husband, Defendant Wondusen S. Fantaye, for the killing. Mr. Fantaye has not yet been tried for his alleged crime. In fact, the Alabama state court presiding over his homicide proceeding declared him incompetent to stand trial and transferred him to a mental health facility.

Mr. Fantaye was a named beneficiary of the decedent's life insurance policy. However, Alabama law prohibits the payment of life insurance benefits to an individual who intentionally caused the death of the insured. Ala. Code 1975 § 43-8-253(c). Thus, if Mr. Fantaye is convicted of killing his wife, he will not be entitled to benefit from her insurance policy. Since Mr. Fantaye has been declared incompetent to stand trial and has not been found guilty of the

homicide, however, it is currently unclear whether he will be entitled to recover the insurance proceeds at issue in this litigation.[1]

Based on that uncertainty, Prudential moves for an order that (1) the $51,000.00 and accrued interest, minus reasonable fees and expenses, be paid into court (2) the defendants be instructed to interplead their claims, and (3) the company be released from all further liability relating to the policy in question. As part of that Motion, Prudential submitted an itemized statement of its attorneys' fees, which included the time spent and charge accrued for each task. See (Aff. of Jo Ann Burk, Ex. A.) According to the invoice, Prudential's attorneys expended a total of 33.85 hours on tasks related to this proceeding, at a cost to the company of $5,023.00.

Defendants do not oppose Prudential's request to pay the proceeds of the life insurance policy into court and be discharged from further liability, and do not dispute the reasonableness of the bulk of the attorneys' fees claimed by the company. However, Defendants claim that five of the time entries included in Prudential's invoice were duplicative, unreasonable or unnecessary, and the court should therefore not award fees for those tasks. Specifically, Defendants argue that (1) 2.0 hours spent by Prudential's attorneys researching the procedure for serving incarcerated persons was excessive, (2) 1.0 hour spent preparing a memorandum on those procedures was duplicative of the time previously spent researching that issue, (3) .6 hours spent researching the location of the prison in which Mr. Fantaye was incarcerated was duplicative of the .8 hours spent researching that subject on a previous day, (4) the 2.2 hours spent on three tasks – researching service rules for the states of Georgia and Alabama, locating process servers in those states, and locating Defendant Mr. Fantaye's criminal defense attorney – should be stricken because the amount of time spent on each of the three was not individually

---

[1] Due to Mr. Fantaye's incompetence, the court appointed Anthony M. Rainone, Esq. of Podvey, Meanor, Catenacci, Hildner, Cocziello & Chattman as *pro bono* counsel to represent his interests in this proceeding.

itemized, and (5) 1.1 hours spent researching Georgia state law regarding the proper procedure for serving a minor and inquiring with process servers was unnecessary and duplicative of the 2.2 hours previously spent investigating those issues.[2]

## II. DISCUSSION

Federal Rule of Civil Procedure 22 provides that an individual or entity which may be exposed to "double or multiple liability" may institute an interpleader action through which potential claimants will be joined as defendants and required to assert their claims to any disputed assets. "Interpleader allows [a stakeholder who fears the prospect of multiple liability] to file suit, deposit the property with the court, and withdraw from the proceedings." Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). In such actions, a plaintiff who "secure[s] an order directing interpleader and promptly pa[ys] the fund in controversy into court" is "entitled to costs and reasonable counsel fees out of the fund." Callwood v. V.I. Nat'l Bank, 221 F.2d 770, 780 (3d Cir. 1955). Fees will not be awarded, however, for work that was "excessive, redundant, or otherwise unnecessary." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

Defendants do not oppose Prudential's requests to pay the disputed funds into court and be discharged from further liability. The court will therefore grant Prudential's request to pay the proceeds of Ms. Fantaye's life insurance policy into court pursuant to Federal Rule of Civil Procedure 67(a), and will enter an order dismissing the company from further proceedings or prospective liability relating to those funds.

---

[2] Defendants Jerry and Joseph Stevens initially submitted a brief in which they stated that they had "no objections" to Prudential's request for summary judgment and attorneys' fees. After Mr. Fantaye opposed the amount of fees claimed by Prudential, Defendants Jerry and Joseph Stevens submitted a letter to the court in which they adopted Mr. Fantaye's argument.

With respect to Prudential's request for attorneys' fees and costs, however, the court finds that a portion of the fees requested are unreasonable.  Specifically, the expenditure of 2.0 hours researching the procedure for serving process on an incarcerated person and 1.0 hour preparing a memorandum on that topic was excessive.  Although the research in question was undoubtedly necessary in light of Mr. Fantaye's detention, it is likely that a simple phone call to the facility in which he was being held would have yielded the needed information.  Even if the research turned out to be more complicated, it need not have been completed by an associate (at a billing rate of $150.00 per hour) rather than a paralegal (at a rate of $90.00 per hour).  Therefore, the court will reduce the fee award for time spent researching the procedure for serving process on an incarcerated person to $120.00, corresponding to 1.5 hours of paralegal time.  Similarly, the fee award for preparing a memorandum detailing that procedure will be reduced to $90.00, the cost that would have accrued if the document were prepared by a paralegal rather than an associate.

Additionally, the court agrees with Defendants that the .6 hours spent researching the location of the prison in which Mr. Fantaye was incarcerated was duplicative of the .8 hours spent researching that subject on a previous day.  Both the Alabama Department of Corrections and its corresponding agency in Georgia maintain websites.  Those sites include an "inmate search" function whereby a user can obtain information on where a prisoner is being held, the nature of his or her offense, etc., by entering the prisoner's first and last name.  In light of the ease with which such searches yield information regarding a prisoner's whereabouts, it is clear that the 1.4 hours – at a cost of $210.00 – spent researching Mr. Fantaye's location was unreasonable.  Therefore, the court will reduce the fee award for time spent researching Mr.

5

Fantaye's location to $75.00, an amount corresponding to .5 hours of time at the billing rate used to calculate the amount originally requested.

The other disputed fees – those corresponding to (1) 2.2 hours spent on researching service rules for the states of Georgia and Alabama, locating process servers in those states, and locating Defendant Mr. Fantaye's criminal defense attorney, and (2) 1.1 hours spent researching Georgia state law regarding the proper procedure for serving a minor and inquiring with process servers – appear reasonable in light of the issues raised by this matter.  Defendants do not claim that the research in question was unnecessary.  Rather, they argue that the former should be stricken because it was not itemized and it is therefore impossible to tell how time was allocated between the three tasks contained in that time entry, and that the latter should be stricken as duplicative.  Those arguments are unavailing.  The three tasks contained in the time entry for 2.2 hours were all related to service of process, and the total time spent on those tasks was reasonable.  The 1.1 hours spent researching Georgia law on the proper procedure for serving a minor was not duplicative; it is the only entry dealing with the issue of service on a minor, as opposed to an adult.  The reasonableness of those entries is also supported by the fact that they were billed at the rate applicable to paralegals, thus minimizing the cost to Defendants.  In light of the necessary character of the work at issue and the steps taken by Prudential's attorneys to minimize its cost, the court finds that the (1) 2.2 hours spent researching service rules for the states of Georgia and Alabama, and locating process servers in those states, along with the (2) 1.1 hours spent locating Defendant Mr. Fantaye's criminal defense attorney, were reasonable.  Therefore, the court will award the full amount of the fees requested for those tasks.

## III.  CONCLUSION

For all the foregoing reasons, Prudential's request to pay the proceeds of the life insurance policy, along with any accrued interest, held by decedent Linda Fantaye into court and be discharged from further liability relating to those funds is granted.  Prudential is awarded attorneys' fees totaling $4,648.00, which are to be deducted from the proceeds of the policy before they are paid into court.  Those fees reflect a reduction of $375.00 for time that was unreasonably expended.

The court will enter an order implementing this opinion.

       s/ Dickinson R. Debevoise_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: February 19, 2009